## Cusumano et al. v. City of Philadelphia et al.

*Morris B. Levitt*, for plaintiffs.
*Joseph Sharfsin*, for defendants.

FLOOD, J., March 2, 1940.—This case comes before us on bill and answer. Plaintiffs have filed a bill attacking the validity of the ordinance of Philadelphia passed June 27, 1935, Ordinances and City Solicitor's Opinions, p. 281, regulating the conduct of barber shops. They aver, and the city does not in its answer deny, that by the Act of June 19, 1931, P. L. 589, as amended by the Act of May 9, 1935, P. L. 158, 63 PS §§551-567, the State has assumed the duty of regulating the conduct of barber shops, barber schools, and barber colleges, and that the regulations contained in the act and promulgated under

its authority by the Bureau of Professional Licensing of the State Department of Public Instruction include every provision of the ordinance of 1935 with four exceptions.

The first exception is section 10, which regulates the hours during which barber shops may be open. This section has been held unconstitutional by Parry, J., in the case of Nardello v. City (C. P. No. 1, March term, 1936, no. 6418), and by Rosen, J., in the case of Kellerman v. City (C. P. No. 2, September term, 1938, no. 1549). An appeal from the latter decision is pending in the Superior Court, we are informed.* But in this case, it is not necessary for us to consider in any way the validity of this section of the ordinance, as we shall later point out.

Section 12 of the ordinance provides for the appointment of inspectors by the city and, of course, is not contained in the State act, but is a mere administrative provision.

Section 11 of the ordinance, which is one of the sections particularly attacked by this bill, provides:

"To cover the cost of necessary inspection each barber shop, barber school or barber college shall pay into the City Treasury the sum of five (5) dollars for each calendar year or part thereof."

Section 13, which is also a particular object of attack in the bill, provides:

"Any person violating any of the provisions of this ordinance in the conduct of a barber shop, barber school or barber college shall be guilty of a misdemeanor, and shall be subject to a fine of ten (10) dollars for the first offense committed, and to a fine of twenty-five (25) dollars for each and every subsequent offense; to be collected as similar penalties are now at law collected; except that for the offense of being opened for or conducting business on a Sunday the fine shall be in the amount now provided by Act of Assembly."

---

* On April 18, 1940, the Superior Court, in an opinion by Judge Rhodes, affirmed the action of the lower court: Kellerman et al. v. City, 139 Pa. Superior Ct. 569.

1. Plaintiffs', contend that, since the substantive, as distinguished from the administrative, provisions of the ordinance cover precisely the same ground embraced by the above-mentioned act, the ordinance must be held to be invalid. If we had before us merely the Act of 1931 prior to the amendment of 1935, there would be no escape from our granting the prayer of the bill. The case would then be indistinguishable from Girard Trust Co. et al. v. Philadelphia et al., 336 Pa. 433 (1939), in which the Supreme Court affirmed the opinion of Alessandroni, J., holding invalid the ordinance regulating the inspection of elevators in the City of Philadelphia, in view of the act providing for the regulation and inspection of elevators by the State. It would likewise be indistinguishable from the case of Hartford Steam Boiler Inspection and Insurance Company v. Philadelphia (opinion filed this day by this court, C. P. No. 6, December term, 1939, no. 1960), in which the ordinance providing for the inspection of boilers is held invalid for a similar reason.

The city's answer alleges that the State inspection is completely inadequate, and the facts set forth, if taken as true, as they must be on this hearing, support that allegation. This in itself, however, will not save the ordinance. The following language of Judge Alessandroni was approved by the Supreme Court in the case of Girard Trust Co. et al. v. Philadelphia et al., supra, at page 437:

"Nor are we required to pass upon the question whether the State performs its duty adequately or whether authorizing insurance agents to inspect insured elevators constitutes an unlawful delegation of the police power. If the facilities of the State are not adequate or its service inefficient, the remedy is to compel the State to perform its function properly rather than continue the authority which has been revoked."

Indeed a similar ordinance of the City of Chester regulating barbers was held invald in view of the Act of 1931

by Judge Broomall in City of Chester v. Chouch, 19 D. & C. 457 (1933). In that case Judge Broomall said:

"An examination of the act and the ordinance reveals that they cover the same subject of barber shop regulation. The act is more specific and comprehensive than the ordinance. It is clear that the purpose of the legislation is to bring about uniformity in the regulation of barbers and their shops and business, repealing all inconsistent acts and parts of acts. When such purpose is evident, the partial or local regulation must give way."

2. Unfortunately, however, for plaintiffs' contention, in the first regular session of the legislature following Judge Broomall's decision in City of Chester v. Chouch, supra, a new section was added to the act by the amendment of May 9, 1935, P. L. 158, further amended by the Act of June 5, 1937, P. L. 1689, 63 PS §566, which reads as follows:

"Nothing contained in this act, or the act to which this is an amendment, shall be construed as prohibiting any municipality from adopting appropriate ordinances, not inconsistent with the provisions of this act or the rules and regulations adopted thereunder, as may be deemed necessary to promote the public health and safety and regulate the conduct of barber shops and schools."

This act, coming as it did upon the heels of Judge Broomall's decision and reading as it does, was obviously intended to, and does, authorize municipalities to pass ordinances such as that before us regulating barber shops, even though the State also regulates them. It is to be noted that this amendment does not authorize municipalities to pass ordinances merely supplementing the act, but gives them a clear field to pass "appropriate ordinances, not inconsistent with the . . . act or the rules and regulations adopted thereunder".

The acts involved in the elevator and boiler inspection cases (Girard Trust Co. et al. v. Philadelphia et al., supra, and Hartford Steam Boiler Inspection and Insurance Co. v. Philadelphia, supra), contain no such provision per-

mitting the municipalities to act concurrently with the State. Therefore, those cases have no bearing upon this problem.

We, therefore, conclude that the provisions of the ordinance of June 27, 1935, as amended by the ordinance of August 15, 1938, Ordinances and City Solicitor's Opinions, p. 398, are not invalidated by the Act of June 19, 1931, P. L. 589, in view of the amendment of May 9, 1935, P. L. 158.

3. Plaintiffs also contend that since section 10, regulating hours, is the only substantive section of the ordinance which is not completely supplied by the Act of 1931, and since section 10 is unconstitutional (Nardello v. City and Kellerman v. City, supra), the balance of the ordinance, being identical in substance with the act, must fall. As we have shown above, the remainder of the act does not fall, in view of the amendment of 1935. We are, therefore, not concerned in this case with the problem now before the Superior Court as to the validity of section 10 of the ordinance.

4. Plaintiffs aver that on September 25, 1939, they were summoned to appear before Magistrate Bell for violation of section 11 of the ordinance in that they failed to pay the $5 inspection fee and that 54 other barbers not parties to the bill were likewise summoned to appear on October 3, 1939, for the same violation. They complain that they are in danger of suffering the penalties provided by section 13 of the ordinance. They contend that the imposing of the penalties provided by section 13 would be unconstitutional, since section 11 does not provide as to the date when the license fee is payable. Thus the duty which they failed to perform is not specifically set forth, and therefore the offense has not been described with certainty.

In the case of Commonwealth v. Sol Model, in the Court of Quarter Sessions of Philadelphia County, Millar, J., sustained an appeal from a summary conviction under section 13 of the ordinance for failure to pay the license

fee provided by section 11. In his opinion filed October 10, 1939, Judge Millar said:

"Assuming that section 13, when properly construed, makes it a misdemeanor for the owner of a barber shop to fail to pay the inspection fee provided in section 11, we are of the opinion that so construed it is invalid because the ordinance does not specify the date upon which this inspection fee is due. A statute creating an offense is void for want of due process of law which fails to describe with reasonable certainty the elements of the offense, nor offers any standard of conduct that it is possible to know. . . .

"The affidavit upon which the warrant in this case was based states that the defendant refused to pay the inspection fee on April 20, 1938, but there is nothing in the ordinance to indicate that it was due and payable on or before that time."

The decree entered by Judge Millar preceded the filing of his opinion by some time and was entered on December 19, 1938. We cannot assume that Judge Millar would have decided the same way if the prosecution had been begun after the conclusion of the calendar year 1938. Since section 11 provides for the fee of $5 for each calendar year and specifies no date of payment, it seems obvious that no prosecution for nonpayment of the penalty could properly be brought before the end of the calendar year.

But we need not, it seems to us, decide whether or not a penalty could be imposed for violation of section 11 if the license were not paid at any time during the calendar year for which it was imposed. It is to be noted that Judge Millar did not decide whether a proper construction of the act made a failure to pay the fee a misdemeanor. In our opinion no penalty is provided in the ordinance in section 13, or in any other section, for the violation of section 11.

If the penalties of section 13 apply to a violation of section 11, we have a fine of $10 for failure to pay a fee of $5, and a fine of $25 for a second failure to pay the $5 fee. Indeed, by the amending ordinance of August 13, 1938, imprisonment may be added, apparently in either case, if the amount of the fine and costs shall not be paid within ten days. While it may be that the city has the power to impose such a penalty, it is very much out of line with the offense; it seems to us completely unlikely that the city council would have done so. Therefore, we cannot construe section 13 as applying to violations of section 11, unless the language is clear.

Section 13 provides that the penalty shall be imposed upon "Any person violating any of the provisions of this ordinance in the *conduct of a barber shop*". Payment of the license fee is not part of the conduct of a barber shop. The conduct of a barber shop is very minutely regulated in sections 2 to 10 of the act and it is for violations of these sections that the penalties are imposed. The city has another remedy to collect the license fee, while it has no sanction but the penalty for the provisions of sections 2 to 10. Under such circumstances we cannot conclude that city council intended to add the penalty to the ordinary remedy for the collection of the license fee.

6. The prayers of plaintiffs' bill to declare the act invalid or to enjoin the officers of the city from enforcing it cannot be granted. Sections 11 and 12 are valid administrative provisions. The license fee is due and payable in any event not later than the end of the calendar year. We do not pass upon the question as to whether the license fee is due at the end of the year or whether it is due upon demand. This may be passed upon when it is properly raised. It is not raised in this proceeding. As we construe the act, however, the penalties provided in section 13 cannot be applied to persons who violate the license provision of section 11, and prosecutions for such violation should be enjoined.

## Decree nisi

And now, to wit, March 2, 1940, it is ordered, adjudged, and decreed that the City of Philadelphia, its officers, deputies, servants, and employes are enjoined and restrained from commencing or further prosecuting any criminal actions under section 13 of the ordinance of June 27, 1935, supra, as amended by the ordinance of August 15, 1935, supra, regulating the conduct of barbering shops, schools, and colleges against plaintiffs herein or any other persons, based upon their failure to pay the license fee provided by section 11 of said ordinance, as amended.